## THE PEOPLE *v.* BAILEY.

Does an indictment for the crime of embezzlement, which contains two counts, and charges the defendant in the first count with having embezzled the sum of three hundred and sixty dollars and fifty cents on the nineteenth day of November, 1861, and in the second count with having embezzled the sum of six hundred and thirty-two dollars and twenty-five cents on the first day of January, 1862, charge two distinct offenses?  *Quere?*

Is the two hundred and forty-first section of the Criminal Practice Act, defining the crime of embezzlement, to be extended to cases where the clerk or servant receives money or property from third persons, for his master or employer, or is it confined to cases where the clerk or servant receives the money or property directly from the hands of his master or employer?  *Quere?*

APPEAL from the Court of Sessions, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*F. M. Pixley*, Attorney-General, for Appellant.

*R. H. Lloyd*, for Respondent.

The indictment charges the defendant with : 1st, embezzling three hundred and sixty dollars and fifty cents on the nineteenth of November, 1861 ; and, 2d, embezzling six hundred and thirty-two dollars and twenty-five cents on the first of January, 1862.  It is admitted (as it appears on the face of the indictment), that these are two separate and distinct sums, and it was not intended to charge the same offense in different.

Sec. 241 of the Criminal Practice Act (Wood's Dig. 288, Art. 1537) reads : " The indictment shall charge but one offense, but it may set forth that offense in different forms and different counts." By Sec. 289, Wood's Digest, 292, Art. 1574, Sub. 3, the fact that more than one offense is charged in the indictment is made a ground of demurrer.

The indictment in this case is drawn after the English form. (See Arch. Cr. Pl. & Pr. 1st Ed. 446.)  The English Statute (7 and 8 Geo. 4, Ch. 29, Sec. 48) provides, speaking of embezzlements : " For preventing the difficulties that have been experienced in the

prosecution of the last-mentioned offenses, it shall be lawful to charge in the indictment, and proceed against the offender for any number of distinct acts of embezzlement, not exceeding three, which may have been committed by him against the same master within the space of six calendar months from the first to the last of such act." (See Russell on Crimes, 7th Am. Ed. 167.)

It will thus be seen that our statute expressly prohibits what the English statute expressly allows. By their's the indictment is good; by ours, bad.

The indictment in this case was found under Sec. 70, Criminal Practice Act (Wood's Dig. 339, Art. 1930, Sec. 70): "If any clerk, apprentice, or servant, or other person, whether bond or hired, to whom any money, or goods, or chattels, or property, shall be intrusted by his master or employer, shall withdraw himself from his master or employer, and go away with the said money, goods, chattels, or property, or any part thereof, with the intent to steal the same and defraud his master or employer thereof, contrary to the trust or confidence in him reposed by his said master or employer; or, being in the service of his said master as employer, shall embezzle the said moneys, goods, chattels, or property, or any part thereof, or otherwise shall convert the same to his own use with like purpose to steal the same, every such person so offending shall be punished," etc.

The language of this section is peculiar, and on examination will be found to materially differ from the English and American statutes on the same subject.

The Massachusetts statute on the subject is as follows: "If any officer, agent, clerk, or servant of any incorporated company, or if any clerk, agent, or servant of any private person or of any copartnership, except apprentices and other persons under the age of sixteen years, shall embezzle or fraudulently convert to his own use, or shall take or secrete with the intent to embezzle or fraudulently convert to his own use, without consent of his employer or master, any money or property of another which shall have come to his possession, or shall be under his care by virtue of his employment, he shall be deemed," etc.

The English statute and the statute of the other States are sim-

ilar to this, the language being nearly the same in every one of them, excepting one. They will be found collated in a note to 3 Arch. Cr. Pl. & Pr. 446, 2, to 447, 2.

If the clerk converted money which came into his possession by virtue of his employment, he was guilty of embezzlement; it mattered not from whom he received it; the only question was, did it come into his possession by virtue of his employment? if so, the conversion of it was embezzlement; and there are numberless decisions that an indictment charging the defendant with converting money which came into his possession by virtue of his employment was good. But all these, on examination, will be found to have been decided under the statute containing the provision above referred to.

Our statute does not say that the conversion by a clerk of money received by virtue of his employment is embezzlement. It specifies how he shall receive it, and from whom. It must be intrusted to him by his master, and so the indictment must allege. The averment in this case shows the money was not intrusted to defendant by his master, but by another.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring specially.

The indictment in this case charges the defendant with the crime of embezzlement: 1st, in embezzling the sum of three hundred and sixty dollars and fifty cents on the nineteenth day of November, 1861; 2d, in embezzling the sum of six hundred and thirty-two dollars and twenty-five cents on the first day of January, 1862. The defendant demurred to the indictment on several grounds; the Court sustained the demurrer and the plaintiff appeals.

One ground of the demurrer was, that the indictment charges two distinct offenses. Sec. 241 of the Criminal Practice Act provides as follows: " The indictment shall charge but one offense, but it may set forth that offense in different forms under different counts." Whether the indictment intended to state but one act of embezzlement, under different counts, varying the amount and time, or whether it intended to set forth two separate and distinct acts of embezzlement, does not appear. If the former be the case, then

a demurrer would not lie.    If the latter, then the prosecuting attorney should be required at the trial to elect upon which charge he will proceed, and he will then be confined to that.

Another ground of demurrer is, that the indictment does not charge any public offense.    Sec. 70 of the act respecting crimes and punishments provides that, " if any clerk, apprentice, or servant, or other person, whether bound or hired, to whom any money, or goods, or chattels, or property *shall be intrusted by his master or employer*, shall withdraw himself from his master or employer," etc., shall be punished in the manner prescribed by law for feloniously stealing property.    The indictment charges that the defendant was employed by the proprietors of a daily newspaper, as their clerk and servant; and in the course of his duties as such and by virtue of said employment, he collected the moneys due his employers; and on the day named he received and took into his possession a certain sum of money, for and on their account, which he fraudulently and feloniously embezzled and converted to his own use, with the intent to steal the same.    Upon examination, it will be found that our statute differs in a very important particular from the statutes of other States defining the crime of embezzlement.    In other States it is generally extended to inlcude all embezzlements or fraudulent conversions of money or property which shall have come to the possession of the servant " by virtue of his employment."    But the statute of this State confines it to money or property *intrusted by his master or employer* to the servant, evidently intended to confine it to cases where the employé received the money directly from the employer.    The indictment in this case follows a form founded upon the statutes of other States, and would doubtless be good under them.    It is clear that it does not state an offense within the provisions of the statutes of this State, and the Court therefore committed no error in sustaining the demurrer.

The judgment is affirmed.

NORTON, J.—I think money received by a clerk who is intrusted by his employer with bills to collect, in the ordinary course of his business as a clerk, is money intrusted to him by his employer, and

that our statute is in substance the same as other States upon this subject. But I also think that two offenses were charged in this indictment, and that for this reason the demurrer was properly sustained.

I therefore concur in the judgment of affirmance.