[No. 807.]

## EX PARTE W. C. RICORD.

EMBEZZLEMENT—SECTION 2380 COMPILED LAWS CONSTRUED.—In construing section 2380 of the compiled laws: *Held*, that money received by a clerk who is intrusted by his employer with bills to collect, in the ordinary course of his business as a clerk, is money intrusted to him by his employer.

IDEM.—Petitioner was an assistant of the agent of the Central Pacific R. R. Co., and had been held out to the public by the agent as having authority

to collect bills, and was enabled, by reason of the trust reposed in him by the company, to collect the company's money and discharge its debtors from their obligations to the company: *Held*, that although he had no general authority to collect all bills due the company he was, under the circumstances, intrusted by the company with the money which he collected.

IDEM.—It does not lie in the mouth of petitioner to deny that he had the authority which he claimed in order to collect the money, and which the confidence reposed in him by his employer enabled him to claim with success.

COMMITMENTS FOR EMBEZZLEMENT AND OBTAINING MONEY UNDER FALSE PRETENSES.—Where petitioner was held by the sheriff under a commitment of a justice of the peace for embezzlement, and while so held was taken before the district judge upon habeas corpus and the district judge, after hearing further testimony, made an order committing him to the custody of the sheriff for the offense of obtaining money under false pretenses: *Held*, that the order of the district judge did not, *ipso facto*, discharge petitioner from further custody under the warrant for embezzlement.

IDEM—SUPREME COURT HAS AUTHORITY TO ISSUE COMMITMENT.—Where a petitioner is brought before the supreme court upon a writ of habeas corpus, the court is authorized, if after examining the case it should be of opinion that petitioner was guilty of an offense other than that held, to issue a new commitment.

INDICTMENT FOR EMBEZZLEMENT.—A clerk may commit more than one embezzlement of his employer's money, and if he does he may be separately indicted for each separate offense.

IDEM—BURDEN OF PROOF.—If the money from different parties was all collected before any portion of it was converted, then petitioner committed but one offense; but the burden of establishing this fact is upon petitioner.

HABEAS CORPUS before the Supreme Court.

The facts are stated in the opinion.

*Harvey S. Brown, M. S. Bonnifield, T. W. W. Davies* and *J. R. Kittrell, Attorney-General,* for the State.

*Robert M. Clarke,* for Petitioner.

I. In holding Ricord to answer for the crime of "obtaining money under false pretenses" in the habeas corpus proceeding, Judge Bonnifield discharged him of the crime of "embezzlement."

Upon the same facts it is not possible that Ricord could be guilty of "obtaining money under false pretenses" and "embezzlement;" because "embezzlement" involves the

existence of an agency, and implies that the money came rightfully into his custody, and "obtaining money under false pretenses" involves the denial of an agency, and implies that the money came wrongfully into his custody. In truth, the officer restrains Ricord in virtue of the order of Judge Bonnifield, and by no other authority.

II. Judge Bonnifield had no authority to make the order committing Ricord to answer for the crime of "obtaining money under false pretenses," because he had not made an order appointing a time to examine such charge. (Hab. Corp. Act, sec. 22; C. L. sec. 370.)

III. Granting the authority to hear the matter, and the power to commit for the supposed offense, the evidence was insufficient to warrant the judge in holding Ricord to answer for the offense of "obtaining money under false pretenses." There was no false pretense unless in Ricord's representing himself to be the agent of the Central Pacific Railroad Company, with authority to collect the money. But Ricord was such agent, and had such authority, consequently there was no false pretense in the case. (See Crim. Act, sec. 187; 2 Bish. Cr. Law, secs. 399, 447, 460, 471; Whart. Cr. Law, secs. 2081, 2110.)

IV. Ricord had already been acquitted of the crime of embezzlement alleged to have been committed in the embezzlement of this money. Having been acquitted, he cannot again be tried. (1 Bish. Cr. Law, sec. 1048, 1051-2; 9 Yerg. 357; 4 Scam. 172.) The fact of former acquittal may be raised on habeas corpus, under that provision of the habeas corpus act which authorizes the court to discharge the prisoner "where a party has been committed without reasonable or probable cause." (Hab. Corp. Act, sec. 20; vol. 1 C. L. 113.) It certainly would have been a good bar if suggested to the magistrate, and why not when suggested to this court, on a re-examination of the complaint. (23 Cal. 571.)

By the Court, BEATTY, J.:

This is a proceeding upon habeas corpus. The petitioner alleges that he is illegally restrained by the sheriff of Hum-

boldt county, and that the illegality of his confinement consists in this: that he was committed in default of bail by the Hon. W. S. Bonnifield, judge of the fourth district, on a charge of obtaining money under false pretenses, notwithstanding the fact that it was proven before said judge that he had been previously tried by a jury, and acquitted upon a good indictment for the same offense. And he alleges further that no reasonable cause exists or was shown to said judge why he should be committed or held to answer. The sheriff makes return to the writ that he holds the petitioner by virtue of two warrants; one a commitment for embezzlement issued by a justice of the peace of Humboldt county, the other the commitment of Judge Bonnifield, described in the petition. On the hearing before this court, the evidence taken and reduced to writing at the examination before the justice of the peace, the additional testimony taken and reduced to writing at the hearing before Judge Bonnifield, and a stipulation as to other facts were submitted together with the sheriff's return. From all of which it appears that J. E. Ragsdale is the agent of the Central Pacific Railroad Company at Winnemucca, in Humboldt county, and that the petitioner was for several months prior to June 8, 1876, his clerk or assistant. Among other duties of the agent at Winnemucca was that of collecting freight bills, and he testifies that he occasionally intrusted their collection to the petitioner. He says that he never gave him any general authority to collect such bills, but only a special authority in particular instances. The petitioner, on the contrary, states that he had a general authority to collect any and all bills due to the company, and it is not perfectly clear which version of the extent of his authority is correct. It is certain, at all events, that he was clothed with such appearance of authority as to protect those who paid their freight bills to him, from any further claim from Ragsdale or the company. This being the case, he collected, in the early part of June, 1876, several hundred dollars from Rheinhardt & Co., of Winnemucca, on bills for freight, which he receipted in the usual manner. With the money so collected, he absconded. He was after-

wards arrested at Omaha, in Nebraska, brought back to Humboldt county, examined by a magistrate, and held to bail for embezzlement, as above stated.   He thereupon sued out a writ of habeas corpus, upon which proceeding he was again examined before Judge Bonnifield, and held to answer for obtaining money under false pretenses, and committed in default of bail.   It further appears that prior to these proceedings he was indicted for embezzling money of the Central Pacific Railroad Company, and upon that indictment tried and acquitted.   Upon this showing, he asks to be discharged from custody.   He contends in the first place, on the authority of *The People* v. *Bailey* (23 Cal. 577), that he cannot, in any view of the case, be deemed guilty of embezzlement.   Section 2380 of our compiled laws is identical in language with the section of the California criminal code which was construed in the case of *The People* v. *Bailey*.   It reads as follows: "If any clerk, apprentice, or servant, or other person, whether bound or hired, to whom any money or goods or chattels, or other property, shall be intrusted by his master or employer, shall withdraw himself from his master or employer, and go away with the said money   *   *   *   with intent to steal the same, he shall be deemed guilty of embezzlement." Under this statute, the supreme court of California held that no one could be guilty of embezzlement unless he received the money or property directly from the hands of his master or employer, and that when money was collected by the authority of the master from third parties, and fraudulently converted by the servant, the case did not come within the meaning of the statute.   This conclusion was based upon a very narrow, and, we think, wholly unwarranted construction of the words "intrusted by his master or employer."   Judge Norton dissented from this part of the opinion of the court, and gave the correct interpretation of the law in these concise terms: "I think money received by a clerk who is intrusted by his employer with bills to collect, in the ordinary course of his business as a clerk, is money intrusted to him by his employer."   We have no hesitation in saying that the opinion of the court

in *The People* v. *Bailey*, is not law, and that the petitioner in this case, if he had the authority which he claims to have had, was guilty of embezzlement.

But the petitioner contends that at all events he cannot be deemed guilty of both offenses, embezzlement and obtaining money by false pretenses; for, he says, he could not be guilty of embezzlement unless he had authority to collect the money, and if he did have such authority he was guilty of no false pretense. We think this is true, and that it devolves upon this court to say upon which charge he can be held, if upon either. In our opinion the testimony shows that he was guilty of embezzlement even upon Ragsdale's statement of the extent of his authority. He was Ragsdale's assistant, but he was the servant of the Central Pacific Railroad Company, and if he had no general authority to collect all bills due the company at Winnemucca, he had been held out to the public by Ragsdale and the company as having such authority, and payment to him was, so far as third parties were concerned, payment to the company. He was thus enabled by reason of the trust reposed in him by the company, and solely by reason of such trust, to collect the company's money and discharge its debtors from their obligation to the company. We think it may be fairly said that he was entrusted by the company with the money which he collected under such circumstances, and that at all events it would not lie in his mouth to deny that he had the authority which he claimed in order to collect the money, and which the confidence reposed in him by his employer enabled him to claim with success. But in truth he does not deny his authority. He insists that he had the authority, and that he was guilty of embezzlement and nothing else. And he claims that he is entitled to be discharged, because Judge Bonnifield's commitment for obtaining money under false pretenses cannot be sustained on the testimony, and because that order committing him for an incompatible offense, *ipso facto*, discharged him from further custody under the warrant for embezzlement. The last proposition we cannot concede. It may be true that Judge Bonnifield ought to have made an order discharging

him from the first commitment before holding him to an-
swer for the other offense, but the fact is he did not; and as
it is the duty of the sheriff to hold the prisoner under that
commitment until he is legally discharged, it follows that
he is actually and properly holding him on both warrants,
and unless we discharge him from custody under one war-
rant he will continue to be so held. But even if we thought
the effect of Judge Bonnifield's order was to destroy the
first commitment for embezzlement, we are clearly of the
opinion that we have authority under the habeas corpus act
to issue a new commitment, and we should feel bound under
the circumstances to do so, unless it is shown that the
prisoner has already been acquitted of this offense, as he
claims to have been. On this point it is stipulated: "That
an indictment was found against William C. Ricord charging
him generally with embezzling money of the Central Pacific
Railroad Company. That, on the trial of said indictment
the prosecution first introduced proof to show embezzle-
ment of certain money belonging to said company collected
by Ricord from Levy & Co., and offered to introduce further
proof concerning other sums of money collected as the agent
of said company from other parties. That said Ricord by
his counsel objected to the introduction of such further tes-
timony on the ground that but one offense could be tried
under said indictment, which objection was sustained by
the court and no testimony was admitted except as to the
money collected from Levy & Co. On the trial the defend-
ant, Ricord, was acquitted."

The petitioner now argues that his objection to the testi-
mony offered on his trial was erroneously sustained. He
says the embezzlement of money consists in the wrongful
conversion of it after its collection and not in collecting it.
That he was guilty of but one embezzlement in converting
the money, no matter from how many different parties he
collected it, and, consequently, that his acquittal on one in-
dictment is a bar to any further prosecution. There is no
doubt, if his crime was embezzlement, and the money was
all collected before any portion of it was converted, that he
committed but one offense. But there is nothing to show

that he did not convert the money collected from Levy & Co. before he collected any money from Rheinhardt & Co., and from the objection that he made, and the ruling of the court sustaining it, it is to be presumed that such appeared to be the fact. A clerk may commit more than one embezzlement of his employer's money, and for aught that appears, this petitioner may have done so, and if he did, he must, under our law, have been separately indicted for each separate offense. The burden was upon him to show the identity of the offenses, and he has not shown it.

Counsel for petitioner has cited the court to the text of Bishop's Criminal Law, and to the cases of *Hite* v. *The State* (9 Yerger, 357), and *Durham* v. *The People* (4 Scam. 172), as authority for the proposition that an acquittal on one indictment is necessarily a bar to any other indictment, when the same proof would support both. From this they argue that the facts proved upon the present charge against Ricord would have supported the indictment upon which he was acquitted, and consequently, that he never can be convicted on such facts. But the cases cited do not sustain the proposition upon which this argument is built. A plea of former acquittal, before our statute, was required, in addition to a recital of the record in the former case, to aver that the offense charged in the two indictments was, as matter of fact, the same identical offense, and that the defendant in both was the same person. In the Tennessee case this was the form of the plea, and it is to be presumed that it was pleaded in the same form in the Illinois case. In both cases the question before the court was purely a question of law, whether the plea was well pleaded. In Illinois, the question was raised by a demurrer to the plea, and, of course, the test of its sufficiency, admitting it to be true in point of fact, was whether the same testimony would support both indictments. The court held that it would, and sustained the plea. In the Tennessee case, the commonwealth replied *nul tiel record*, and the issue was tried by the court, treating the replication as if it had been a demurrer, The court held, on comparison of the two indictments, that the same evidence would not support both, and overruled

the plea. The truth is, that the rule amounted to this: The plea was bad if the same proof would not support both indictments, but it was not necessarily good if the same proof would support both indictments. The further allegations of identity of offense in fact, and of identity of defendant, were essential, and if put in issue had to be proved.

The facts stipulated in this case do not establish, or tend to establish, the identity of the offense with which the petitioner is now charged with that of which he was acquitted.

Let the prisoner be discharged from the warrant for obtaining money on false pretenses, and remanded upon the warrant for embezzlement.