[No. 957.]

E. E. RICORD, Mother and Guardian of W. C. RICORD, a Minor, and W. C. RICORD, Respondents, v. THE CENTRAL PACIFIC RAILROAD COMPANY, Appellant.

Minor—Suit Properly Brought in Name of Guardian.—When this action was commenced, W. C. Ricord, to whom the cause of action stated in the complaint belonged, was a minor: *Held*, that the suit was therefore properly brought in the name of E. E. Ricord, his mother and guardian.

Idem—Attaining Majority before Trial.—At the time of the trial the minor had attained his majority, and upon his motion he was joined with his mother as a party plaintiff: *Held*, error; that it would have been proper to substitute him as the sole plaintiff in her place, but having no joint interest in the cause of action they could not be united as plaintiffs.

Railroad Corporations—When may be Held Liable.—A corporation can not be bound, even by the act of its board of directors, unless done in the pursuance of some object embraced by its charter, or of some power conferred upon it by law.

Idem—Criminal Prosecutions.—The prosecution of criminal offenders is one of the objects and privileges of a railroad corporation, and it can be held accountable for any malicious prosecution.

Idem—Character of Proof to Show Authority.—To show that a criminal prosecution was instituted by authority of the corporation it is not necessary to produce a resolution of its board of directors. It is sufficient to show that its legal advisers, acting in conjunction with such of its servants and agents as have knowledge of the facts, instituted the proper proceedings.

Idem—Sufficiency of Evidence.—Upon a review of the testimony: *Held*, that there was sufficient proof that the prosecution against Ricord for embezzlement was instituted and carried on by the defendant.

Nonsuit—Failure of Proof to Show Malicious Prosecution.—Ricord was first arrested for embezzlement, was tried and acquitted. He was

Points decided.

then arrested for grand larceny, and released; was afterwards charged with same offense before another magistrate, and held for embezzlement; was then taken before the district judge on habeas corpus and remanded for obtaining money on false pretenses; then came before the supreme court on habeas corpus, and was remanded for embezzlement (11 Nev. 287). Subsequently he was indicted for embezzlement, pleaded former acquittal, and this plea was found true by the jury. He then instituted this suit for malicious prosecution for his second and third arrest and second indictment and trial for embezzlement: *Held*, that the court erred in refusing to grant a nonsuit upon the ground that there was no proof that the prosecution was maliciously instituted without probable cause.

MALICIOUS PROSECUTION—PROBABLE CAUSE—MALICE.—In an action for malicious prosecution it devolves upon the plaintiff to show affirmatively that the prosecution was malicious and without probable cause.

IDEM.—The defendant caused the arrest of plaintiff and supported its charge with evidence sufficient to procure his commitment and indictment for embezzlement. *Held*, that this was *prima facie* evidence of the existence of probable cause.

PLEA OF FORMER ACQUITTAL—NOT EVIDENCE AS TO DEFENDANT'S KNOWLEDGE.—The findings of the jury and the judgment of the court on plaintiff's plea of former acquittal was not evidence against the defendant to show knowledge on its part that plaintiff had been acquitted of the identical charge upon which it caused his arrest.

INDICTMENT FOR EMBEZZLEMENT—INSUFFICIENCY OF.—The indictment upon which plaintiff was first tried, failed to charge that the money he was accused of embezzling had been intrusted to him by his employers: *Held*, fatally defective.

EMBEZZLEMENT—ONE OR MORE OFFENSES.—If a clerk by authority of his master collects one bill and fraudulently converts the money, the offense of embezzlement is complete, and if he collects another bill after the first conversion, and then fraudulently converts the proceeds, he is guilty of a second offense.

PROBABLE CAUSE—ADVICE OF COUNSEL.—Advice of counsel after a full disclosure of facts, justifies the institution of a criminal prosecution.

IDEM—INSTRUCTION.—The defendant affirmatively showed that it acted in perfect good faith, under the advice of counsel, and the decision of the district court and of the supreme court that there was good reason to charge a second offense for embezzlement: *Held*, that the court erred in not instructing the jury that there was probable cause for the prosecution.

IDEM—CHARACTER OF EVIDENCE.—*Held*, that the court erred in excluding evidence of facts within the knowledge of defendant at the time the second prosecution was instituted, tending to show that plaintiff was actually guilty of two separate and distinct offenses.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts sufficiently appear in the opinion.

*I. B. Marshall and H. S. Brown*, for Appellant:

I. E. E. Ricord is the plaintiff in this suit. The words "mother and guardian of W. C. Ricord, a minor," is a mere *descriptio personæ* of the plaintiff. (*Rogers* v. *Hatch*, 8 Nev. 38; *Talmage's Adm'r* v. *Chapel*, 16 Mass. 71; *Merrit* v. *Seaman*, 6 N. Y. 168; *Root* v. *Price*, 22 How. Pr. 372.) The action must be brought in the name of the infant by his guardian. (*Fox* v. *Minor*, 32 Cal. 111, 119; *Whitney* v. *Hitchcock*, 4 Denio, 461; *Karr* v. *Parks*, 44 Cal. 46.) The parent can only recover for loss of services. (*Cowden* v. *Wright*, 24 Wend. 429; *Peck* v. *Mayor N. Y.* (3 N. Y.), 3 Com. 489; 1 Chit. on Pl. 60; 2 Kent's Com. 188; 23 N. Y. 158–465; *Sawyer* v. *Sauer*, 10 Kan. 519–522; Sedg. on Meas. of Dam. 551, and note (1), 553; *Rodgers* v. *Smith*, 17 Ind. 323.) The right of action for the injury *per se* exists only in favor of the son. (Sher. & Red. on Neg., secs. 608, 608a; *Oakland R. R. Co.* v. *Fielding*, 48 Pa. St. 320; *Penn. R. R. Co.* v. *Kelly*, 31 Id. 372; *Gilligan* v. *N. Y. and Harl. R. R. Co.*, 1 E. D. Smith, 453; *Whitney* v. *Hitchcock*, 4 Davis, 461; *Rogers* v. *Smith*, 17 Ind. 323.)

II. An amendment to a complaint which changes the parties to a suit can not be made. (*Little* v. *V. & G. H. Water Co.*, 9 Nev. 319; *Quillen* v. *Arnold*, 12 Id. 234.)

III. E. E. Ricord and W. C. Ricord having no interest in common, should not have been united as plaintiffs. (*McBeth et al.* v. *Van Sickle*, 6 Nev. 134.)

IV. Where a defendant has fully and fairly stated his case to counsel, and acts by advice thereof, it is a good defense to this action. It shows that there was probable cause. (*Potter* v. *Seale*, 8 Cal. 224; *Levy* v. *Brannan*, 39 Cal. 485; *Wicker* v. *Hodgkins*, 14 Am. Rep. 75.)

V. The defendant's motion for a nonsuit should have been granted. A railroad corporation is not liable in an action for malicious prosecution unless the corporation directed the arrest. It must be the act of the board of directors. (*Maynard* v. *Fireman's Fund Ins. Co.*, 34 Cal. 54;

*Goodspeed* v. *East Haddam Bank*, 22 Conn. 540; *Roe* v. *Birkenhead L. & C. J. R. R. Co.*, 7 Exch. 36.)

A corporation is not liable for a willful trespass of a person employed by it, although the act be authorized and sanctioned by the president and general agent thereof. (*Vanderbilt* v. *The Richmond Turnpike Co.*, 2 Comst. N. Y. 479; *Ill. Cent. R. R. Co.* v. *Downey*, 18 Ills. 259; *Church* v. *Mansfield*, 20 Conn. 284; *Steamboat Co.* v. *Housatonic R. R. Co.*, 24 Id. 40; *Eastern Counties R. W. Co.* v. *Broom*, 2 Eng. Law and Eq. 406.)

The agent or servant must be acting within the scope of his authority in order to make his master or principal liable for his wrongful acts. There is no railroad officer, employee, or agent, whose duty it is to prosecute an individual for the commission of a public offense. It is impossible for the defendant, as a company, to complain of an individual for a public offense. The agent or servant of a corporation in charging a person with the commission of a public offense necessarily acts as a citizen, with the responsibilities of a citizen; and not as the agent of a corporation. (1 Comp. L. 2317; *Ellis* v. *C. P. R. R. Co.*, 5 Nev. 205; *Gough* v. *Great Northern R. W. Co.*, 3 E. & E. 672; *Poulton* v. *L. & S. W. R. W. Co.*, 2 Law Rep. (Q. B.) 1866–7, 534; *Allen* v. *L. & S. W. R. W. Co.*, 6 Law. Rep. (Q. B.) 1870–1, 65; *Edwards* v. *London & N. W. R. W. Co.*, 5 Law Rep. (Com. Pl.) 1869–70, 445.)

The master is not liable for the willful and malicious acts of his servants when they happen outside of the scope of his employment, and are not connected with his master's business or orders. (*Wood's Law of Master and Servant*, 545, 547; *Roe* v. *Birkenhead*, 7 Exch. 36; 35 Eng. Com. Law Rep. 448; *Gillett* v. *Mo. V. R. R. Co.*, 55 Mo. 315; *Lyons* v. *Martin*, 8 A. & E. 512; *Coleman* v. *Riches*, 16 C. B. R. 104; *Frazier* v. *Freeman*, 43 N. Y. (4 Hand) 566; *Isaacs* v. *Third Av. R. R. Co.*, 47 N. Y. 122; Journal of Jur., vol. 18, 414, 415; *Bolingbroke* v. *Swindon Local Board*, 9 Law Rep. (Com. Pl.) 1873–4, 575; *Porter* v. *C. R. I. & P. R. R. Co.*, 41 Ia. 358; *Mali* v. *Lord*, 39 N. Y. 381.)

The holding of a party to answer, by a committing magis-

trate, is *prima facie* evidence of probable cause. (*Whitney*
v. *Peckham*, 15 Mass. 243; *Reynolds* v. *Kennedy*, 1 Wilson;
232; *Ulmer* v. *Leland*, 1 Greenl. (Me.) 135; *Maddox* v. *Jack-
son*, 4 Munf. (Va.) 462; *Ganea* v. *S. P. R. R. Co.*, 51 Cal.
140.) No malice was shown. It must be proved. (*Levy* v.
*Brannan*, 39 Cal. 485.)

VI. The first indictment did not state facts sufficient to
constitute a public offense. (1 Comp. L. 2380; *People* v.
*Logan*, 1 Nev. 110.) A plea of former conviction or acquit-
tal is only available in cases where the first indictment
was a valid indictment. (Wharton's Am. Crim. Law,
191; 2 Hale's Pleas of the Crown, 247; *State* v. *Hall*, 3
Nev. 172; *Ex parte Maxwell*, 11 Id. 434-5.) In order to
prove that a party has been acquitted of the same offense,
it must appear that both trials were for the same acts. In
law and in fact it must be the same offense. The acquittal
or conviction must be for the same act or crime. (1 Rus.
on Cr. 835, 836; 2 Hale's Pl. Cr. 240; Wharton Am. Cr. L.
259, 260; *People* v. *McGowan*, 17 Wend. 386; *State* v. *Ains-
worth*, 11 Vt. 91; *Vawter* v. *Commonwealth*, 2 Va. Cas. 127;
*Freeland* v. *The People*, 16 Ill. 382; 4 Black. Com. 336.)
The difference of evidence conclusively establishes the dis-
tinctness of the accusations. (*State* v. *Jesse*, 3 Dev. & Batt.,
N. C. 102; *Commonwealth* v. *Dove*, 2 Va. Cas. 29; 1 Bishop
Crim. Law, secs. 534, 680; Roscoe's Crim. Ev., 450; 3 Arch.
Crim. Pr. & Pl. 445.)

VII. What is probable cause is a question of law, to be
determined by the court upon the circumstances of every
particular case. (Principles of the Common Law, by Inder-
maur, 352; *Scott* v. *Simpson*, 1 Sanf. 601; *Burlingame* v. *Bur-
lingame*, 8 Cow. 142; *Gorton* v. *De Angelis*, 6 Wend. 418;
*Stone* v. *Crocker*, 24 Pick. 81; *Fagnan* v. *Knox*, 66 N. Y. 526.)

*R. M. Clarke*, for Respondent:

I. This action was properly brought in the name of the
mother and guardian. (1 Comp. L. 1074; 32 Cal. 117.)

When the son attained his majority it was proper to make
him a party plaintiff in the action. (Civ. Pr. Act, secs. 13,
14, 16, 17, 68.)

II. A corporation, although an artificial person, without any soul and incapable of thought, may, under some circumstances, be held liable in an action for malicious prosecution and false imprisonment. (*Brokaw* v. *N. J. R. R. Co.*, 3 Vroom. 328; *Vance* v. *Erie R. R. Co.*, 3 Id. 334; *Ganea* v. *S. P. R. R. Co.*, 51 Cal. 140; *Goodlow* v. *City Cincinnati*, 4 Ohio, 514; *Golf* v. *G. N. R. Co.*, 3 Ellis & Ellis, 672; *Goodspeed* v. *East H. Bank*, 22 Conn. 540; *Maynard* v. *Fire Fund Ins. Co.*, 34 Cal. 48; *Phil. W. & B. R. R. Co.* v. *Quigley*, 21 How. (U. S.) 202.)

III. A railroad corporation is liable for the wrongful acts of its officers in all cases where such wrongful acts are authorized by the directors of the corporation, and in all cases where the wrongful act is done by an officer or agent of the corporation in pursuance of the authority of such officer, or concerning a subject over which such officer has control, and in all cases where such wrongful act has been adopted or ratified by the corporation. And the act of authorization or ratification may be shown by circumstantial evidence. (*Thayer* v. *City of Boston*, 19 Pick. 511, 516, 517; *Clarke* v. *Peckham*, 9 R. I. 455, 471, 472; *Eastern Coun. R. R. Co.* v. *Broom*, 6 Exch. 314. And authorities cited under II.)

IV. It was not competent to prove Ricord guilty of embezzlement upon the trial of this case. The question of his actual guilt was not involved; on the contrary, the question was: Had the defendant *at the time the prosecution was instituted* probable cause to suppose him guilty? And only such facts as existed and were known to the defendant at the time of the prosecution, could be received in evidence. (2 Greenl. Ev., secs. 454–455; 1 Hilliard on Torts, 450–455 inc.; Bigelow's L. C. on Law of Torts, 198, 199, 200; 1 Amer. L. Cases, 211, 212, 213; *Bacon* v. *Towne*, 4 Cush. 217–238–239; *Ash* v. *Marlow*, 20 Ohio, 119; *Cooper* v. *Utterbach*, 37 Md. 282; *Harkrader* v. *Moore*, 44 Cal. 144; *Seibert* v. *Price*, 5 Watts & Serg. 438; *Hall* v. *Suydam*, 6 Barb. 83; *McLaren* v. *Birdsong*, 24 Ga. 265; 105 Mass. 212; 36 Conn. 56; 106 Mass; *Fant* v. *McDaniel*, 1 Breb. 173; *Brainard* v. *Brackett*, 33 Maine, 580; *Cooper* v. *Turrentine*, 17 Ala. 13; *Collins* v. *Love*, 7 Blackf. 416.

V. The issue presented upon the trial of this case was precisely the same as was presented to and tried by the trial jury upon Ricord's plea of *autrefois acquit,* and such proofs as were competent there, and none other were competent here.    (1 Bish. Cr. Pr.. 816; *Duncan* v. *Commonwealth,* 6 Dana, 295; *State* v. *Andrews,* 27 Mo. 267; *State* v. *Small,* 31 Id. 197; *Boyer* v. *State,* 16 Ind. 451; *Porter* v. *State,* 17 Id. 415; *State* v. *Smith,* 22 Vt. 74.)

VI. If the first indictment were such that the prisoner *could* have been legally convicted upon it by any evidence legally admissible, though sufficient evidence was not in fact adduced, his acquittal upon that indictment is a bar to a second indictment for the same offense.    (3 Greenl. on Ev., sec. 36; Arch. on Crim. Pl. 87; *Rex* v. *Emden,* 9 East, 437; *Rex* v. *Clarke,* 1 B. & Bing. 473; *Rex* v. *Taylor,* 3 B. & C. 502; 1 Russ. on Crimes, 832; *Commonwealth* v. *Roby,* 12 Pick. 496; *Rex* v. *Vandercomb,* 2 Leach C. C. (4 ed.) 768; *Regina* v. *Bird,* 5 Cox C. C. 11; 2 Eng. Law & Eq. 439.)

The testimony offered by the defendant was not for the purpose of proving what occurred before the committing magistrate, or before the several grand juries, or upon the trials upon the two indictments, but to show the actual guilt of Ricord by producing evidence which had never before been produced, and which was not submitted on any occasion before.

VII. It was not a crime for Ricord to demand and receive money for the corporation.    (*People* v. *Murphy,* 51 Cal. 376.)

He must have either withdrawn himself from the company and gone away with the money with intent to steal the same, and defraud his employers thereof, or embezzled the money, or otherwise converted the same to his own use, with intent to steal the same and defraud his employers thereof.    (Cr. Pr. Act, sec. 74; 1 Comp. L. 2384; 25 Ohio St. 162–168; 118 Mass. 443.)

To constitute a crime there must be a conversion of the money, coupled with the intent to steal the same, and neither the conversion nor the intent to steal can be drawn

from the mere failure to account for it, or from the mere failure to pay it over, or from both. (2 Bish. Cr. Law, 372, 373, 376; Russ. on Cr., 181, 182; Roscoe Cr. Ev. 415, 416; 51 Cal. 379; 25 Ohio St. 162; 118 Mass. 443.)

VIII. Although the advice of counsel may in some cases be interposed as a defense to the action for malicious prosecution, in such cases it must always be shown that the defendant, relying upon the defense communicated to counsel learned in the law, all the facts bearing upon the guilt or innocence of the accused, of which he had knowledge, or which by reasonable diligence he could have ascertained, and then in good faith have acted upon the advice. (*Ash* v. *Marlow*, 20 Ohio, 119; 38 Mo. 21; Big. L. C. on L. of Torts, 200, 201, 202; *Cole* v. *Curtiss*, 16 Minn. 182.)

IX. The question of probable cause is a mixed question of law and fact, and when the facts are in doubt, or in controversy, they must be submitted to the jury; and in such case it was the duty of the court to instruct the jury that if they find the facts in a designated way, then such facts do or do not amount to probable cause. (2 Greenl. Ev., sec. 454, 406, 407; 16 Minn. 183; 20 Ohio, 119; 44 Cal. 145; 111 Mass. 492.)

X. Although malice must be established as a fact in every action for malicious prosecution, yet when want of probable cause is shown, the fact of malice may be inferred. (2 Greenl. Ev., secs. 454, 455; 1 Hill. Torts, 441; Big. L. C. on L. of Torts, 198–200; 39 Mo. 39, 136; 50 Id. 83; 37 Md. 283, 284; 16 Minn. 182; 66 Me. 202, 203; 45 Md. 198; 28 Gratt. 909; 44 Cal. 145, 149.)

XI. The first indictment charged all the material facts necessary to constitute the crime of embezzlement. (1 Comp. L. 1859, 1868; *Ex parte Ricord*, 11 Nev. 287; *Ex parte Hedley*, 31 Cal. 108.)

*H. S. Brown,* for Appellant, in reply:

I. As to liability of corporation. (Cooley on Torts, 119; *Weckler* v. *First Nat. Bank*, 42 Md. 581; *First Nat. Bank* v. *Ocean Nat. Bank*, 60 N. Y. 278; *Fowler* v. *Scully*, 72 Pa. St. 456; *Yellow Jacket M. Co.* v. *Stevenson*, 5 Nev.

224; *Gillett* v. *M. V. R. R. Co.*, 55 Mo. 315; *Ellis* v. *C. P. R. R. Co.*, 5 Nev. 255; *Rankin* v. *N. E. & N. S. M. Co.*, 4 Id. 78.)

II. That it was competent for defendant to prove, that at the time the prosecution was instituted there was probable cause to believe that Ricord was guilty of embezzlement. (*Jones* v. *Gwynn*, 10 Mod. 217; *Goodrich* v. *Warner*, 21 Conn. 439; *Mowry* v. *Miller*, 3 Leigh, 561; *Hickman* v. *Griffin*, 6 Mo. 42; *Bell* v. *Pearcy*, 5 Ired. 85; *Johnson* v. *Chambers*, 10 Id. 291; *Anderson* v. *Buchanan*, Wright, 725; *White* v. *Ray*, 8 Pick. 467; *Sears* v. *Hathaway*, 12 Cal. 277; 1 Hill. on Torts, 471.)

By the Court, BEATTY, C. J.:

This is a suit for malicious prosecution. Plaintiffs recovered four thousand dollars damages in the district court. Defendant appeals from the judgment and from the order overruling its motion for a new trial.

The judgment and order appealed from must be reversed, and the cause remanded; but we shall not pretend to discuss in detail the fifty-four specifications of error in the rulings of the district court, since, in our opinion, the decision of a few general propositions will be sufficient for its guidance in any future trial of the case.

1. When the action was commenced, W. C. Ricord, to whom alone the cause of action stated in the complaint belonged, was a minor. This being so, the suit was properly brought in the name of E. E. Ricord, his mother and guardian. (Comp. L. 1074.)

At the time of the trial he had attained his majority, and, upon his motion, he was joined with his mother as a party plaintiff. This, we think, was error. It would have been proper to substitute him as the sole plaintiff in her place (Comp. L. 1079), but since they had no joint interest in the cause of action, they could not be united as plaintiffs. (Comp. L. 1077.)

Whether this technical error, standing alone, would have necessitated a new trial of the case, as contended by counsel for appellant, is a question which, under the circum-

stances, need not be decided.    There are other grounds for remanding the cause, even though we should conclude that this particular error could be cured by simply ordering a proper amendment of the proceedings in the district court.

2. At the close of plaintiff's testimony the defendant moved for a nonsuit, on three grounds:

"1. Because there is no proof that this prosecution was instituted and carried on by the defendant.

"2. Because there is no proof that it was instituted without probable cause.

"3. Because there is no proof that it was instituted maliciously."

So far as the first ground is concerned, the court did not err in denying the motion.

We are willing to concede the first proposition of appellant's counsel, that a corporation can not be bound, even by the act of its board of directors, unless done in pursuance of some object embraced by its charter, or of some power conferred upon it by law.    But we do not think that the prosecution of criminal offenders is always and necessarily outside of the objects and privileges of a railroad corporation.    It is the object of such corporations to acquire property, and it is their privilege to protect it by every lawful means. · It is not only a lawful, but a perfectly legitimate and even a commendable means of protecting private property, to institute criminal proceedings against those who infringe the right by criminal practices.    And this is even more emphatically true of corporations than of natural persons.    Their property is so vast, and their business so extended and complicated; they are so constantly and in so many directions exposed to the danger of loss by theft, robbery, and embezzlement, that they are compelled, by the same policy that induces penal legislation on the part of the state, to let it be known that they will prosecute vigorously and systematically all criminal acts by which they are directly injured.    That they act in conformity with this policy, is notorious.    They have not only their corps of legal advisers and their local attorneys, but they keep a force of detectives continually employed in ferreting out depredators

upon their rights, and assisting the public authorities in
bringing them to justice.   No law and no public policy re-
strains them in this respect, and to decide that they can
never be held to a proper accountability for what they are
constantly doing, would simply be to endow them with an
additional and most invidious privilege.

Assuming, then, that a railroad corporation may, as such,
institute a criminal prosecution against a servant who is
suspected of embezzling its funds, and that it has a private
and particular interest in making such prosecutions effective,
the question arises as to the character of proof required to
show *prima facie* that a particular prosecution has been
instituted by its authority.

For this purpose we do not consider it necessary to pro-
duce a resolution of its board of directors.   It is absurd to
suppose that such a corporation will adopt a regulation re-
quiring its directors to be convened every time a clerk is to
be arrested for embezzlement, or a tramp for breaking into
its cars.   On the contrary, it is only reasonable to presume,
in the absence of opposing proof, that its legal advisers,
acting in conjunction with such of its servants and agents
as have knowledge of the facts, will be authorized to insti-
tute the proper proceedings in such cases.

In this case the plaintiff was first arrested at the instance
of defendant's general superintendent.   The original com-
plaint against him for embezzlement was drawn by its local
attorney at Winnemucca and verified by its train master.
The president of the company was consulted and several
other circumstances concurred to show that the prosecution
was the act of the corporation.

But it is not on account of the first prosecution that this
action is brought.   Ricord was tried and acquitted on the
first charge of embezzlement, and immediately afterwards
arrested on a charge of grand larceny.   The complaint in
that case was drawn by the same attorney, and verified by
the same train-master, who drew and verified the original
complaint for embezzlement.   The committing magistrate,
after examining the witnesses, refused to hold plaintiff to
bail, and he was released from custody.   Immediately

thereafter the same charge of larceny was laid before another justice of the peace of the same county, who, after a hearing, committed the plaintiff for embezzlement. He was then brought before the district judge of Humboldt county on habeas corpus, and was remanded on a charge of obtaining money by false pretenses. He next sued out a writ of habeas corpus in this court, and after a hearing, was remanded on the warrant of the justice of the peace for embezzlement. (*Ex parte Ricord,* 11 Nev. 287.) Subsequently he was indicted for embezzlement, and pleaded former acquittal, which plea was found true by a jury impaneled to try the issue. He then commenced this action, alleging that the defendant maliciously, and without probable cause, procured his second and third arrest, and his second indictment for embezzlement, well knowing that he had been tried and acquitted of the charge.

The question was, therefore, not whether the defendant instituted the original prosecution, but whether it instigated the proceedings subsequent thereto.

The plaintiff's testimony on this point showed clearly that although the second complaint (the first for larceny) was drawn and verified by the attorney and train-master of the defendant, they were acting solely on the authority and in obedience to the wishes of the district attorney of Humboldt county. He had prosecuted Ricord under the indictment for embezzlement, and was satisfied that he was only acquitted because, under the law, as given to the jury in the charge of the court, he had been indicted for the wrong offense. Under the circumstances, he deemed it his duty to prosecute him for larceny, and the first complaint, in which that offense was charged, was drawn and verified at his request and without any reference to or consultation with any person having authority to act for the defendant. This was very clearly shown, and if the motion for a nonsuit had been made with reference to that part of the complaint, counting upon the first arrest for larceny, it should have been sustained on the ground that the defendant did not cause that arrest. But the motion was general, and comprehended all the causes of action set out in the complaint,

and there was testimony sufficient, in our opinion, to show *prima facie* that the defendant caused the third arrest and the second indictment.

It was shown that, after the discharge of the plaintiff on the first accusation of larceny, defendant's local attorney requested the district attorney to have him rearrested and taken before another magistrate; that the district attorney refused to do so; that defendant's attorney thereupon took one of its locomotives and went with its train-master and other of its servants to Golconda, in an adjoining township, where the second charge of larceny was laid before another justice of the peace, who issued a warrant for plaintiff's arrest, and afterwards committed him for embezzlement. In all these proceedings the track and trains of defendant were freely used, and there seems to have been a perfect understanding and active co-operation between its attorney and all its local agents and servants. Afterwards one of its general attorneys came from its principal office in San Francisco, and aided the prosecuting officers of this state in resisting the discharge of Ricord in the several habeas corpus proceedings instituted in his behalf. This general attorney was instructed by the head of defendant's " department of justice " to go to Winnemucca and to advise and co-operate with its local attorney, who had caused plaintiff's arrest. He, in obedience to these instructions, opposed the discharge of Ricord in the district court and in this court, and on his return to San Francisco charged the expenses of his trip to the defendant, and he testifies they were paid. In view of these facts, the court was right in refusing to nonsuit plaintiff on the first ground of the motion.

But the motion should have been sustained on the second and third grounds.

It devolved upon the plaintiff to show affirmatively that the prosecution was malicious, and without probable cause. If he had proved want of probable cause, that would have been *prima facie* sufficient to show malice also (though it would not have been a necessary presumption). But his testimony, so far from showing want of probable cause, showed affirmatively that there was probable cause.

We have seen that the defendant was not responsible for the second arrest. If it had caused that arrest, plaintiff's discharge therefrom might have been some evidence of want of probable cause therefor; but it did not cause that arrest. It caused the third arrest, and supported its charge with evidence sufficient to procure his commitment and indictment for embezzlement, and this is *prima facie* evidence of the existence at that time of probable cause. The plaintiff, therefore, in opening his case, supplied affirmative evidence of a fact that he was bound to disprove, and he offered nothing to rebut this evidence. He did not prove or attempt to prove that the defendant's witnesses testified falsely before the committing magistrate or the grand jury, or that they suppressed any fact tending to exculpate him or entitle him to his discharge, nor did he show what their testimony was.

The particular fact that he was bound to prove, in view of the allegations of his complaint, and of his admissions on the trial, was, that defendant's agents knew that he had been acquitted of the identical charge upon which they caused his third arrest; and this he utterly failed to do.

He seems to have relied upon the finding of the jury, and the judgment of the court on his plea of former acquittal. But that judgment was not competent evidence against the defendant of the fact determined. It was *res inter alios acta,* and did not even prove that plaintiff had ever been acquitted of any charge, much less did it prove that defendant knew or ought to have known the facts upon which the verdict was based. It was competent evidence in this case for one purpose only, and that was to show that the prosecution for which defendant is sued, was at an end before this action was commenced. It devolved upon plaintiff to prove, by other and independent evidence, that he had in fact been acquitted of the charge upon which defendant caused him to be prosecuted, and that the defendant's agents knew the facts which established the identity of the offense. This he failed at all points to do.

In the first place, the indictment upon which he was first tried was so fatally defective that it would not have sup-

ported a judgment of conviction. It wholly failed to charge in any way that the money he was accused of embezzling had been intrusted to him by his employer. This is an essential element of the crime of embezzlement (Comp. L. 2380), and must be charged in some form to make a valid indictment. We held in *Ex parte Ricord*, 11 Nev. 287, that such an averment would be supported by proof that the money was collected by authority of the employer from third parties, but we did not hold that the allegation could be dispensed with. This indictment charges that Ricord was, at, etc., the hired clerk of the Central Pacific Railroad Company, and that then and there he was intrusted with money, the property of said company; but *non constat* that he may not have been intrusted with the money by third parties without any authority from his employer.

This being so, it follows that the plaintiff was not in legal jeopardy on his first trial, and that the verdict and judgment therein did not support his plea of former acquittal.

But, passing over this point, which is absolutely fatal to the plaintiff's case, the other testimony, as to the matters investigated on his first trial, tended only to show that the second indictment was for a distinct offense. It showed that the prosecution offered testimony tending to prove that the plaintiff had collected money from Levy & Co., on the fifth of June, and had never accounted for it; that an attempt was then made to prove the collection of money from N. Del Banco on the seventh of June, and that this testimony was excluded by the court on the objection of the defendant (plaintiff here), because it was proof of another and distinct offense. In other words, he proved, in relation to this matter, the identical state of facts upon which we held in *Ex parte Ricord* that there was probable cause for the second prosecution.

We held in that case, that if a clerk by authority of his master collects one bill and fraudulently converts the money, one offense is complete, and if he collects another bill after the first conversion and then fraudulently converts the proceeds, he is guilty of a second offense. Here the plaintiff collected money of Levy on the fifth of June and of Del

Banco on the seventh. It was certainly possible that he might have committed two embezzlements, and the fact that the court held that the collection of the money from Levy and Del Banco could not be proved under the same indictment, and that the testimony in regard to the collection from Del Banco was excluded at the instance of this plaintiff, was of itself sufficient to justify the defendant in instituting another prosecution for the larceny or embezzlement of the Del Banco money. Of course, the objection of the plaintiff to Del Banco's testimony, and the ruling of the court thereon, do not prove the fact that there were two offenses, but the defendant is not bound to prove that there were in fact two distinct offenses. It is absolved unless the plaintiff proves that it had no good reason to suppose he had committed two offenses. He made no attempt to prove, and there is no pretense, that the defendant did not entertain a well-founded belief that he had embezzled one hundred and forty dollars, collected from Levy on June 5, and two hundred dollars and upwards collected of Del Banco on June 7. This being so, we repeat, the defendant was justified by his objection and the decision of the district court, in instituting another prosecution for the larceny or embezzlement of the Del Banco money. He not only admitted, but claimed, that it was a distinct offense from that for which he was then on trial, and a court of high and general jurisdiction, with full knowledge of all the facts then in possession of the defendant, so decided. It is settled law, that advice of counsel, after a full disclosure of the facts, justifies the institution of a criminal prosecution, and if the advice of counsel is a justification, *a fortiori*, the decision of the district court ought to be.

The fact that the first grand jury that investigated the charges against plaintiff found but one indictment against him, is no proof that he committed but one offense, and the fact that Del Banco, as well as Levy, testified before that grand jury, is no proof that their indictment was based upon the collection of the Del Banco rather than the Levy money. In short, the plaintiff introduced no testimony tending to prove that he had been acquitted of the charge upon which

his second indictment was based, and for this reason also the motion for a nonsuit should have been allowed.

3. The court erred again at the close of the trial, in not instructing the jury that there was probable cause for the prosecution. Not only had the plaintiff failed signally to show a want of probable cause, but the defendant had shown affirmatively (what it was not, under the circumstances, called upon to show), that it had acted throughout in perfect good faith under the advice of counsel, and the decision of the district court and this court, that there was good reason to charge a second offense.

4. It was error to exclude from the consideration of the jury, the proceedings in this court on plaintiff's application to be discharged upon habeas corpus. Our judgment in that case justified the defendant in procuring the second indictment, unless it knew some material fact tending to exonerate the plaintiff that was not disclosed on the hearing in this court. There was no testimony that it knew any such fact; on the contrary, the defendant offered to prove several facts not disclosed in *Ex parte Ricord*, the only tendency of which was to make its justification more complete.

5. The court erred in excluding evidence of facts within the knowledge of defendant at the time the second prosecution was instituted, which tended to show that plaintiff was actually guilty of embezzling the money collected from Levy and Del Banco. Every time evidence of this character was offered it was met by the objection that the question of Ricord's actual guilt was not in issue. He admitted that defendant had good reason to believe that he had embezzled the money, and contended that the only question in the case was, whether he had been twice indicted for the same offense. It is true the defendant could in no event have been held bound to prove plaintiff's actual guilt. The most it could have been required to do was to prove that there were good grounds for believing him guilty of two offenses, but it was no ground of objection to testimony having this tendency, that it had a still stronger tendency. In cases of this character, testimony tending to show probable cause will often necessarily tend to prove that the plaintiff was

guilty of the offense of which he was acquitted, but there is no reason for rejecting it. Under one line of decisions, indeed, it would only be an additional reason for accepting it. But we waive that point.

If this plaintiff, upon another trial, succeeds in making out a *prima facie* case, the defendant will be entitled to prove every fact within the knowledge of its agents at Winnemucca, up to the time of the commencement of the second prosecution, which tends to show that he was guilty of embezzlement. To prove two offenses it must prove each, and to this end it may prove all about the circumstances of his leaving Winnemucca and his trip to Omaha, what money he had of his own, what money he spent before leaving, what expenses he incurred on the trip, what companions he took with him, what charges he made and omitted to make in the cash books of defendant, and generally everything that defendant could have proved against him on his trial, if it, instead of the state, had conducted the prosecution.

6. There were some instructions erroneously given and refused, but we need not notice them particularly. There will be no difficulty in any future trial of the case in conforming to the views above expressed.

The judgment and order appealed from are reversed, and the cause remanded.

LEONARD, J., having been of counsel for plaintiff at a former trial in the district court, did not participate in the foregoing decision.