STATE, APPELLANT, v. FOURNIER, RESPONDENT.

[Submitted April 20, 1892. Decided May 2, 1892.]

CRIMINAL LAW — *Embezzlement* — *Statutory construction*.— An information for embezzlement, which charges that the defendant as an agent and servant while in the service and employment of B. received "for and in the name and on account of" said B. a certain sum of money, is sufficient under section 92, fourth division of the Compiled Statutes, providing that if any agent, servant, or other person "who shall have received or been entrusted with any money . . . . from or by his" principal or employer, shall embezzle the same, he shall be punished for felonious stealing; and it is not necessary that the information charge that the defendant received the money directly from B. in order to constitute the offense.

*Appeal from Third Judicial District, Deer Lodge County.*

Information for embezzlement.   Demurrer to the information was sustained by DURFEE, J.   Reversed.

*Henri J. Haskell,* Attorney-General, and *W. S. Shaw,* for the State, Appellant.

*Theodore Brantly,* for Respondent.

BLAKE, C. J.—The information charges that Fournier on the twentieth day of September, 1891, at the county of Deer Lodge and State of Montana, and for a long time prior thereto, to wit, from the twenty-fourth day of August, 1891, to the said twentieth day of September, 1891, was then and there in the employment of one Frank Boucher, to wit, as an agent and servant of the said Frank Boucher, and as such agent and servant was then and there in the service of the said Frank Boucher.   That at said times, as such agent and servant, and while in the service of the said Frank Boucher, as aforesaid, and while in such employment, the said Henry Fournier did then and there receive and take into his possession a large sum of money of the said Frank Boucher, to wit, the sum of five hundred dollars, then and there of the value of five hundred dollars, and for and in the name and on the account of the said Frank Boucher.   That the said defendant, Henry Fournier, then and there being, and then and there being in the service and employment of the said Frank Boucher, aforesaid, and then and there having received as aforesaid, and having in his care, custody, and control, the said money of the said Frank Boucher, as aforesaid, did then and there, unlawfully and feloniously, embezzle five hundred dollars of the said money, of the value of five hundred dollars, of the goods, chattels, and personal property of the said Frank Boucher, with the intent then and there to steal the same, and convert the same to his own use. To this information Fournier demurred on the ground that the same did not state facts sufficient to constitute a public offense. The demurrer was sustained by the court, and this question of law was reserved by the attorney for the State.

The information is based upon the following statute: "If any clerk, apprentice, servant, agent, or any other persons,

whether bound or hired upon commission, percentage, salary, or otherwise, who shall have received or been entrusted with any money, goods, chattels, or other property, from or by his master, principal, or employer, shall withdraw himself from his master, principal, or employer, and go away with the money, goods, chattels, or other property, or any part thereof, with intent to steal the same and defraud his master, principal, or employer thereof, contrary to the trust and confidence in him reposed by his said master, principal, or employer, or who, being in the service of his said master or employer, shall embezzle the said money, goods, chattels, or property, or any part thereof, or otherwise shall convert the same to his own use, with like purpose to steal the same — every person so offending shall be punished in the manner prescribed by law for feloniously stealing property of the value of the articles so taken, embezzled, or converted." (2d Sess. Stats. p. 253, § 92.)

It is stated by counsel that the court below was governed by the ruling in *People* v. *Bailey*, 23 Cal. 577. Mr. Justice Crocker delivered the opinion, and said: "Upon examination it will be found that our statute differs in a very important particular from the statutes of other States defining the crime of embezzlement. In other States it is generally extended to include all embezzlements or fraudulent conversions of money or property which shall have come to the possession of the servant 'by virtue of his employment.' But the statute of this State confines it to money or property entrusted by his master or employer to the servant — evidently intended to confine it to cases where the employe received the money directly from the employer. This court at that time consisted of three justices; and Mr. Justice Norton, concurring, said: 'I think money received by a clerk who is entrusted by his employer with bills to collect, in the ordinary course of his business as a clerk, is money entrusted to him by his employer, and that our statute is in substance the same as other States upon this subject.'" This case was decided in the year 1863, and has not been cited, to our knowledge, by the court which pronounced the judgment.

The Supreme Court of Nevada, in *Ex parte Ricord*, 11 Nev. 291, reviewed this decision; and Mr. Justice Beatty said: "This conclusion was based upon a very narrow, and, we think, wholly

unwarranted, construction of the words, 'entrusted by his master or employer.' . . . . We have no hesitation in saying that the opinion of the court in *People* v. *Bailey* is not law." It is asserted in the opinion that the statutes of both States defining this offense are identical. They are also similar to section 92 of the Criminal Laws of this State, which relate to embezzlement by a servant. (Comp. Stats. div. 4, § 92.) This section was amended materially by the act approved February 23, 1891, which has been fully set forth *supra.*

The appellee maintains that the information should charge that Fournier received the money from his employer, and that the receipt of the same from any other persons would not con-· stitute a crime under the act *supra,* and the doctrine of *People* v. *Bailey, supra.* In framing the information, "words used in the statute to define a public offense need not be strictly pursued, but other words conveying the same meaning may be used." (Comp. Stats. div. 3, § 169.) The form of this pleading is sufficient, and the question is one of statutory construction. What, then, is the legislative will? For what purpose was this statute, *supra,* enacted? Let us examine some of the amendments. The persons who were embraced in the original statute were "any clerk, apprentice, or servant." This class has been enlarged by the addition of the clause "agent or any other persons, whether bound or hired upon commission, percentage, salary, or otherwise." The word "hired" in the first statute was succeeded by the clause, "to whom any money or goods or chattels or other property shall be entrusted by his master or employer." This expression has been omitted, and the section now reads, "who shall have received or been entrusted with any money, goods, chattels, or other property, from or by his master, principal, or employer." If the contention of respondent be correct the intention of the legislature will be defeated.

We approve the views which are expressed in *Ex parte Ricord, supra.* The information alleges clearly that Fournier, while in the service and employment of Boucher, received for and in the name and on account of said Boucher a certain sum of money. We are satisfied that the State had the authority to make this allegation in the information under the statute, *supra,* and carry on this action against the appellant.

It is ordered that the judgment be reversed, and that the cause be remanded, with directions to proceed in conformity with this opinion.

HARWOOD, J., and DE WITT, J., concur.